INTERNATIONAL & G. N. RY. CO. v. WOLDERT GROCER CO. (No. 1443.)

(Court of Civil Appeals of Texas. Texarkana. May 5, 1915. Rehearing Denied May 20, 1915.)

TRIAL 🟊169 — DIRECTION OF VERDICT — RIGHT OF DEFENDANT.

Where plaintiff, suing for damage to fruit in transit, alleged defendant's negligence both in failing to furnish a suitable car and in failing to ice in transit, but the failure to furnish a proper car was abandoned at the trial, by failing to give any evidence thereon and the court's withdrawal of that issue, defendant was not entitled to a directed verdict on the ground that its plea of plaintiff's contributory negligence in loading into a known unsuitable car stood confessed by failure to traverse; the issue of negligent failure to ice in transit being supported by evidence sufficient to go to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 381–387, 389; Dec. Dig. 🟊169.]

Appeal from District Court, Smith County; Barney Briggs, Judge.

Action by the Woldert Grocer Company against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is by appellee to recover damages sustained by five cars of peaches by reason of alleged negligence in transportation. The negligence alleged is the failure to furnish suitable and properly equipped cars in which to transport the peaches, and the failure to sufficiently ice and refrigerate the peaches while in transit. The defendant traversed the allegations of the petition, and as a defense averred that the damage to the peaches, if any, was the result of the negligence of plaintiff's agents and employés, and "defendant further and specially answers that the plaintiff was guilty of contributory negligence in loading the fruit into the cars, knowing that each car was unsuitable and also an insufficient car, and if the same was alleged by plaintiff, which this defendant denies, the plaintiff could not recover." The verdict of the jury was in favor of appellee.

Appellee delivered to appellant for shipment two cars of crated peaches at Elberta switch, and three cars at Lindale, Tex. According to the through bill of lading issued, appellee was the shipper, and two of the cars were consigned to shipper's order, with destination Saginaw, Mich., and two to shipper's order, with destination Canton, Ohio, and one car to appellee as consignee, with destination St. Louis, Mo. According to the witnesses for appellee, the peaches when loaded into the cars were in good and sound shipping and merchantable condition. A witness for appellant testified that the peaches at time of shipment were in an overripe state for shipment. When the peaches reached their destination they were in a seriously damaged condition, to the extent and value found by the jury. There is evidence that failure to sufficiently ice the cars will lower the state of refrigeration and damage peaches. There is evidence that the cars were iced at time of shipment, but there is no evidence to show any re-icing on the journey, or any inspection of the cars to ascertain the state of or sufficiency of the refrigeration on the trip. The shipments were made in the months of July and August. The evidence goes to show that the cars themselves, as instrumentalities, were proper and suitable for shipping fruit at the time of shipment, and there is no evidence to the contrary. The evidence warrants the finding, as comprehended in the verdict of the jury, that at the time the peaches were loaded for shipment they were in good and sound shipping and merchantable condition, and that the damages to the extent found by the jury were occasioned by and proximately due to negligent failure to sufficiently ice and to keep to a sufficient state of refrigeration the peaches while in transit and before delivery by the carrier.

Fitzgerald, Butler & Bulloch, of Tyler, and Morris & Sims, of Palestine, for appellant. Price & Beaird, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). The overruling by the court of the special exceptions to the petition, as complained of in the various assignments of error Nos. 1 to 23, inclusive, do not, it is thought, afford ground for reversible error, and therefore the assignments of error are overruled.

It is thought that the twenty-fifth assignment of error should be overruled, as constituting no injurious error.

The twenty-sixth assignment of error is predicated upon the refusal of the court to give a requested peremptory instruction. It is contended by appellant that it pleaded contributory negligence of appellee in loading peaches in an insufficient and unsuitable car for shipping fruit, knowing it was such at the time, and that appellee failed to traverse the plea, and under the statute the fact was confessed. There was sufficient evidence as to negligence in respect to icing the cars and keeping up a proper state of refrigeration in transit to require the court to submit that phase of the case to the jury, as was done by the court. And while appellee pleaded as a further ground of negligence the failure to furnish in the first instance cars that were sufficient and suitable to ship fruit in, meaning as instrumentalities for shipment of fruit, it offered no evidence in support of, and did not rely for recovery on, this particular allegation; but, on the contrary, the evidence showed that the cars were proper and suitable in themselves for the purpose of shipping fruit, and the court's charge did not authorize a recovery on the ground of the insufficiency of the car for such purpose. Hence that allegation as a ground for recovery was eliminated, both because there was evidence only that the car was in itself sufficient and suitable for shipping fruit and a recovery was not authorized by the charge on that ground. Therefore appellant's contention that appellee could not recover at all must be overruled. The admission that one ground of alleged negligence, if existing under the facts, would bar recovery, would not operate to deprive appellee of recovery upon another ground alleged and proved. The nonrecovery upon the admitted ground, is inconsistent with the admission.

By the twenty-seventh assignment of error it is contended that the second paragraph of the court's charge submitted an issue for recovery by appellee not made by the evidence. It is believed that the language of the charge, fairly interpreted, only authorized a recovery for negligent failure to inspect the cars in relation to the sufficiency of the icing and state of refrigeration in transit. The jury were required to find whether or not there was "a failure on the part of the railroad company to use ordinary care to inspect said cars and to keep said fruit properly iced and refrigerated while in transit," and there was evidence making this issue.

Appellee objects to the consideration of the twenty-ninth assignment, as not being in compliance with the rules 26 and 29 (142 S. W. xii). The objection, it is thought, should be sustained.

The judgment is affirmed.